[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE COUNT ALLEGING THAT DEFENDANT HOSPITAL'S MISREPRESENTATION OF PLAINTIFF'S CONDITION CONSTITUTES CUTPA VIOLATION
On February 20, 1990 the plaintiffs Helen and Paul Lutson filed a three-count complaint against defendant Bridgeport Hospital. The third count alleges that plaintiff Helen Lutson at about 3:30 a.m. on May 2, 1988 fell from a bed while she was in a sedated state in the intensive care unit at defendant hospital recovering from surgery. CT Page 1394
Plaintiffs allege in the third count of their complaint that on May 1, 1988, at 1:00 p. m., the plaintiff, Helen Lutson, underwent surgery for a depressed skull fracture at the defendant Bridgeport Hospital. The complaint alleges that after completion of that surgery, and while still under sedation, plaintiff was moved by agents, servants and employees of the hospital to a specific hospital bed. It is alleged that thereafter the plaintiff fell from her bed while an attending nurse was changing the linens on Mrs. Lutson's bed. The fall resulted in injuries requiring further treatment. According to the complaint, the plaintiff's son called the hospital at 6:00 a.m. on May 2, 1988 to check on plaintiff's status. The complaint alleges the he was told by staff members of the hospital that his mother had had a restful night and that everything was normal. The plaintiff's son arrived at the hospital to visit his mother at approximately 11:30 a.m. on May 2, 1988. The complaint alleges that at that time, plaintiff's son was never informed by the hospital staff that his mother had fallen nor was he advised of the nature of her injuries. Plaintiffs claim that subsequently a physician contacted plaintiff's son and advised him of what had happened. Plaintiffs claim that the hospital's failure to disclose to the plaintiff's son the nature of her fall and its possible ramifications was an unfair and/or deceptive trade practice as defined by Connecticut General Statutes 42-110b et. seq.
The defendant hospital filed a motion to strike the third count of the complaint on the ground that it fails to state a claim upon which relief can be granted. A memorandum of law in support accompanied defendant's motion. The plaintiffs have filed a memorandum of law in opposition to the defendant's motion to strike.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' Conn. Practice Bk. 152 (citation omitted)." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. In ruling on a motion to strike, the court should consider only those grounds specified in the motion. Blancato v. Feldspar Corp., 203 Conn. 34, 45 (1987). "The court must construe the facts in the complaint most favorably to the plaintiff." Id. If the factual allegations would support a cause of action, the motion to strike must be denied. Alarm Application Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545 (1980). The motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108
CT Page 1395 (1985). "Each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Conn. Practice Bk. 155.
Conn. Gen. Stat. 42-110b provides, in pertinent part, that: "(a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
 Conn. Gen. Stat. 42-110g states in pertinent part:
 (a) Any person who suffers any ascertainable loss or money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper.
In determining whether a practice violates CUTPA, the court should employ these criteria:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether is is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243,254 (1988).
CUTPA is a remedial statute and is to be construed liberally to effectuate its public policy goals. Sportsman's Boating Corp. v. Hensley, 192 Conn. 747, 756 (1984). It is not necessary for all three criteria to be satisfied to support a finding of unfairness; a practice may be unfair because of the CT Page 1396 degree to which it meets one of the criteria or because to a lesser extent it meets all three. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987).
In its memorandum, the defendant provides three grounds in support of its motion to strike. Defendant first argues that a CUTPA claim has no validity in the context of a medical malpractice action. Defendant claims that its alleged failure to inform plaintiff's son of his mother's fall from her hospital bed did not affect public policy in any way. Furthermore, defendant claims that its conduct does not fall within the meaning of the terms "immoral, unethical, oppressive, or unscrupulous" as used in CUTPA.
Defendant's second argument is that the plaintiffs have not alleged in the third count that the defendant engaged in "unfair methods of competition" as required by CUTPA.
Defendant's third argument is that the plaintiff's son is not a party in this action and therefore the alleged breach of any duty the defendant might have had toward the son is not properly before the court in this action.
The plaintiffs argue in their memorandum in opposition that the failure to disclose to the son in a timely fashion the fact that his mother had fallen and the affirmative statement made to the son concealing plaintiff's fall offend public policy. Plaintiffs claim that the hospital's misrepresentation constitutes an actual deceptive practice.
Finally, plaintiffs claim that there is substantial injury to consumers of medical services as a result of this act or practice. They claim that it is irreconcilable with the concept of medical care and treatment to permit life-threatening occurrences to go unreported to family members responsible for medical decisions regarding a semi-conscious, heavily sedated patient.
"[W]hether a practice is unfair depends upon the finding of a violation of an identifiable public policy." Dadonna v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 257 (1988).
The court finds that a hospital business falls within CUTPA's definition of "trade" and "commerce" inasmuch as it involves "the distribution of . . . services." See Conn. Gen. Stat. 42-110a(4).
Furthermore, crediting for the purpose of this motion plaintiffs' allegations that the defendant led plaintiffs' son to believe that treatment services were uneventful and that CT Page 1397 thereafter the defendant in an untimely fashion revealed the fall, this Court concludes that such conduct could meet the definition of at least one of the following adjectives: "immoral, unethical, oppressive or unscrupulous;" so as to be violative of public policy. Accordingly, defendant's motion to strike is denied on its first ground.
Regarding defendant's second ground, viz. the failure to allege that the defendant engaged in "unfair methods of competition," a plaintiff need not allege both unfair or deceptive acts and unfair methods of competition. See Sullivan v. Bucci, 9 Conn. L. Trib. No. 8 (February 21, 1983).
 [A] reading of 42-110b(a) in conjunction with other sections of the CUTPA, (namely sections 42-110g(a), 42-110d(c), 42-110d(d), 42-110e, 42-110g(e), and 42-110o(b), presents clear evidence of a legislative intent that 42-110b(a) is violated when any person engages in an act or practice which is unfair or deceptive, irrespective of whether there has been an unfair method of competition. Any other construction would defeat the purpose of Conn. Gen. Stat. Section 42-110b(a). Its aim is to discourage unfair or deceptive acts or practices and/or unfair methods of competition. These are separate and distinct concerns.
 Additionally, subsection (b) of Section 42-110b states that:
 It is the intent of the legislature that in construing subsection (a) of this section, the commissioner and the Courts of this state shall be guided by interpretations given by the Federal Trade Commission and the federal courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45 (a)(1))as from time to time amended.
 A reading of the Federal Trade Commission Act together with subsequent federal court decisions makes it abundantly clear that two types of activities are declared unlawful. No two-tiered test for unfairness need be applied.
Sullivan v. Bucci, 9 Conn. L. Trib. No. 8 (February 21, 1983).
"CUTPA is intended to eliminate or discourage unfair methods of competition and unfair or deceptive acts or CT Page 1398 practices as two types of unlawful acts rather than as a two part single wrong." Sullivan v. Bucci, 9 Conn. L. Trib. No. 8 (February 21, 1983). citing Hinchcliffe v. American Motors Corp., 184 Conn. 607 (1981). The second ground raised by the defendant does not support its motion to strike.
Although the plaintiffs have not alleged that the defendant hospital's conduct breached a duty owed to the son, under the facts construed most favorably to the plaintiffs, the plaintiffs have alleged that they were the victims of the deceptive act or practice in that their son was not informed of his mother's fall.
Accordingly, the defendant's motion to strike the third court of plaintiffs' complaint is denied.
CLARANCE J. JONES, JUDGE.