[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (102)
This action for damages arising out of termination of employment has been brought against the corporate employer and Harry Moore president of defendant corporation. The third count of the complaint is brought under the provisions of General Statutes 92-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA). Defendant Moore has moved to strike the third count claiming that it fails to state a claim under the law since CUTPA does not apply to the employment relationship.
A motion to strike is the means for contesting the sufficiency of a complaint. Conn. Practice Bk. 152; v. CBS, Inc., 196 Conn. 91, 108 (1985). It tests whether a court that already has subject matter jurisdiction over an action can properly grant relief. Progressive Casualty Ins. Co. v. DiGangi, 4 Conn. app. 137, 139 (1985). The motion to strike "admits all facts well pleaded;" Mingachos, 196 Conn. at 108; and the court, when considering the motion, construes the pleading "in the manner most favorable to the pleader. " D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 208 (1986). The court takes as true the facts alleged in the pleading sought to be stricken; D'Ulisse-Cupo,202 Conn. at 208; and if provable factual allegations in the challenged pleading "should support a defense or cause of action, the . . . [motion to strike] must fail." Alarm CT Page 28 Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541 , 545 (1980).
A plaintiff who seeks to prevail on a CUPTA claim must establish that the defendant engaged in "unfair or deceptive acts or practices in the conduct of trade or commerce." General Statutes 42-110b (emphasis added). The statute defines "trade or commerce" as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property . . . and any other article, commodity or thing of value in this state." General Statutes 42-220a. Banerjee v. Roberts, 641 F. Sup. 1093, 1108 (D. Conn. 1986).
Although the supreme court of this state has not yet addressed the issue presented here, the federal courts which have addressed the issue have held that the employment relationship is not itself trade or commerce for purposes of CUTPA. Ibid. See also Kintner v. NIDEC-TORIN Corp.,662 F. Sup. 112, 113 (D. Conn. 1987).
Plaintiff urges a different result stressing the remedial purpose of CUTPA and the three pronged test of Mead v. Burns,199 Conn. 651 (1986). Before these matters may be considered, however, plaintiff must allege sufficient facts so as to bring his cause of action under the "trade or commerce provision." Here he has not done this.
Accordingly, the motion to strike is granted.
PURTILL, J.