[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, CSB Financial Corp., has moved to strike all five counts of the complaint of the plaintiff, K.T.W., Inc. The stated ground for the motion is that the complaint "fails to allege the essential elements of fraud, misrepresentation, abuse of process and CUTPA" and fails to state a claim for which relief may be granted.
A motion to strike challenges the legal sufficiency of a pleading. 152 P.B. In deciding a motion to strike, the court is obliged to assume the truth of the allegations contained in the complaint. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 (1983). Upon a motion to strike, the allegations of the complaint are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them, and if facts provable under the allegations would support a cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545 (1980).
The defendant's attack on the complaint takes the form of a selective reading of its actual allegations and an objection that the remnants so selected do not state a cause of action. At oral argument, counsel for the defendant acknowledged that Counts 1 and 2 of the complaint allege tortious interference with business relations and expectancies. In its brief, however, the defendant purports to understand that the plaintiff is alleging a cause of action for fraud, misrepresentation or intimidation, rather than identifying such acts as the tortious behavior leading to the alleged interference with contractual relations. The disingenuousness CT Page 642 of the defendant's motion and brief, which are signed by the same lawyer who argued the motion to the court, is so extreme as to verge on a violation of 119 P.B., which provides that (1) the signing of any pleading, motion, objection or request shall constitute a certificate that . . . to the best of the signer's knowledge, information and belief that is good ground to support it, and that it is not interposed for delay."
Paragraphs 18, 19 and 20 allege a contractual relationship between the plaintiff and another firm, and paragraphs 22-30
allege acts of interference with that relationship by what is alleged to be pursuit of techniques of litigation for the ulterior purpose of discouraging a firm from doing business with the plaintiff.
A cause of action for tortious interference with a business expectancy requires proof that the defendant engaged in fraud, misrepresentation, intimidation or molestation or that it acted maliciously. Sportsmen's Boating Corporation v. Hensley,192 Conn. 747, 754 (1984). The plaintiff has alleged facts which, when read in the manner which the defendant acknowledges is required at this juncture, sufficiently state claims as to which relief may be granted.
Any requests for further elucidation of the claim would properly have been raised by a request to revise, a pleading now waived by operation of 150 P.B.
As to Count 3 of the complaint, the defendant disingenuously states that the plaintiff "has pleaded no facts that point to an abuse of process." In fact, this count of the complaint incorporates facts which, read as a whole, allege that the defendant used pleadings and other process to engage in an intimidating pursuit of the records of a firm with which the plaintiff does business and that it did so for the ulterior purpose of intimidating that firm from continuing to deal with the plaintiff.
The defendant has acknowledged that its attacks on Counts 4 and 5 of the complaint constitute what has been termed a "speaking demurrer," in that its argument that it is not subject to the provisions of the Connecticut Unfair Practices Act rests on the assumption of facts not of record at this point. The only factual averment concerning the identity of the defendant is at paragraph 8 of the complaint: "8. That at all times mentioned herein, Connecticut Savings Bank Financial Corp. (hereinafter `the Defendant') was a Connecticut corporation with a principal place of business in Hartford and New Haven."
The motion to strike is denied. CT Page 643
BEVERLY J. HODGSON, JUDGE