[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
This action seeks to enjoin the Town of Coventry and its Town Council from collecting taxes for the fiscal year commencing July 1, 1990. It further seeks an order directing the Council to repeal the mill rate it set on July 12, 1990, after the qualified electors of the Town rejected the proposed budget for the third time.
The named plaintiff is the Republican Town Committee of Coventry, an unincorporated association. The parties have stipulated that the Republican Town Committee is not a taxpayer. The defendants have filed a Motion to Strike both counts of the complaint because the named plaintiff lacks standing inasmuch as it is not a taxpayer of the Town.
Our Supreme Court does not "recognize the capacity of an individual or a private corporation that has not alleged taxpayers' status to maintain an action challenging the propriety of the conduct of a municipal corporation." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,548 (1980). Within thirty days of the return date, the plaintiff amended its complaint after the defendants filed the Motion to Strike. The amendment alleges that the "action is brought by each and every individual member, [of the Republican Town Committee of Coventry] in his or her individual capacity, all individuals being members of the aforementioned voluntary association; said action being brought in accordance with C.G.S.A. Sec. 52-76." Sec. 52-76
authorizes a voluntary association to sue in its distinguishing name. CT Page 1825
The plaintiff opted to proceed in the distinguishing name of the association rather than naming as plaintiffs any individual members of the Town Committee. That association, the Republican Town Committee, is not a taxpayer. Plaintiff's amendment to the complaint did not alter the fact that the named plaintiff is not a taxpayer. Plaintiff's failure to bring the action in the name of a taxpayer of the Town of Coventry is fatal to the maintenance of the cause of action.
The Motion to Strike is granted.
Scheinblum, J. CT Page 1826
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1827