[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The background of this case was discussed by the Supreme Court in Biro v. Hill, 214 Conn. 1, 570 A.2d 182
(1990), in which it was determined that the named defendant, Thomas W. Hill, Jr., was not a necessary party, and therefore that the case should not have been dismissed. The Supreme Court mentioned in footnote 9, Id. 7, that there had not yet been a ruling on the defendants' motion to strike on grounds of forum non conveniens.
In addition to the forum non conveniens issue, the defendants have filed two other motions. The first concerns the named plaintiff's wife and co-plaintiff, Safiwe Guzin Altiok Biro, in which Mrs. Biro sues concerning her contract with Mr. Hill's law firm. The defendants allege that an agreement between a lawyer such as Hill and a nonlawyer such as Mrs. Biro is void as against public policy, and therefore that Mrs. Biro has no cause of action against the defendants.
A second motion is by the four named individual partners of the defendant law firm Sidley Austin, viz., Mark Angelson, H. Blair White, Maurice Miller and William Fifield. They move to strike the complaint because there is no reference therein to any action, activities or omissions pertaining to themselves.
As to the claim of forum non conveniens, this motion was filed in the summer of 1988. Since that date the Supreme Court has spoken twice on the subject and one case was mentioned in footnote 3 in Biro v. Hill, Id., 7. These cases are Union Carbide Corporation v. Aetna Casualty 
Surety Co., 212 Conn. 311, 562 A.2d 16 (1989), and Picketts v. International Playtex, Inc., 215 Conn. 490, 576 A.2d 518
(1990). Also, and again since these motions were filed and my memorandum of decision dated March 27, 1989 was issued, these two plaintiffs did in fact commence an action in the CT Page 4886 Supreme Court of the State of New York against the same defendants sued in Connecticut, but added Hill as a defendant in the New York case. This action is still pending in New York but has apparently been delayed by a motion filed by Hill, now a Florida resident, claiming that he is not subject to New York's long-arm statute.
The other facts are essentially as outlined in Biro v. Hill, supra, and may be summarized as follows. The agreement between the plaintiffs and Hill was negotiated in New York. One agreement between these parties was signed in New York, although the plaintiffs allege that a subsequent and perhaps superceding agreement was signed in Oman and/or the United Arab Emirates. The contract was to have been performed in Oman and the United Arab Emirates, and is, according to its terms, to be construed in accordance with the laws of New York State. The defendant law firm Sidley and Austin neither practices law nor has an office in Connecticut, or has any connection with this state except that service on the partnership was effected because one of its partners, Angelson, happened to live in Greenwich, although the papers indicate that he has since left this state. General Statutes52-57(d).
In Union Carbide, the Supreme Court upheld the granting of a dismissal on forum non conveniens grounds but seemed to be persuaded by the fact that the plaintiff Union Carbide had withdrawn its appeal of the granting of the dismissal, which was being pursued thereafter only by several counterclaimants. The court also referred to the fact that the plaintiff's case involved toxic waste disposal problems at a number of sites scattered throughout the country, and therefore that it made more sense to try the case in those areas.
It was mentioned that Connecticut has no connection with this case except that the plaintiffs, who reside in this state, have chosen their home state as a forum, and that is a very important "except", according to Picketts. It is difficult to imagine after Picketts that the granting of a forum non conveniens motion would ever be sustained, particularly in the light of the Supreme Court's reference to "modern technological innovations" such as jet airplanes, satellites and videotaped depositions. Id., at 511. Moreover, in Pickettes the plaintiffs, who were from British Columbia, did not choose their own forum, but rather decided to come to this state to pursue their action against the defendant whose world headquarters was located in Connecticut. Thus the trial court's "thumb" which, according to the Supreme Court must be placed "firmly on the CT Page 4887 plaintiff's side of the scale, as a representation of the strong presumption in favor of the plaintiff's chosen forum. . ." may not be readjusted to decrease "the downward pressure" in the instant action because the plaintiffs have chosen their own forum. Id., 502.
Accordingly, while I believe that the state of New York is the more logical place to try this case, particularly because Hill a defendant therein, unless and until his motion to dismiss is granted, nevertheless I am persuaded by the Pickett case that rigor mortis has set in on the doctrine of forum non conveniens and a granting of the motion would be deemed by our Supreme Court to be an abuse of discretion and therefore it is denied.
With respect to the motion that the agreement between the lawyer Hill and the nonlawyer Mrs. Biro runs counter to public policy, it is difficult to discern from the complaint exactly what was the agreement between Hill and Mrs. Biro, and whether she was simply to provide computer services for the law firm or whether she was sharing legal fees. Since in a motion to strike, the complaint must be construed in a manner most favorable to the nonmovant; Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545,427 A.2d 822 (1980); the motion to strike on this ground is denied.
In connection with the individual defendants, Angelson, White, Miller and Fifield, we mentioned that service was made upon the law partnership Sidley and Austin, of which the individuals were members, by serving Mr. Angelson who lived in Greenwich, but even he is not mentioned in the complaint as engaging in the activities which are the subject matter of the claims by the plaintiffs. General Statutes 34-53 provides that all partners in a partnership are liable jointly and severally for any "wrongful act or omission of any partner", and that the partnership itself "is liable therefor to the same extent as the partner so acting or omitting to act." General Statutes 34-51. It has not been indicated by any of the parties that the New York law pertaining to partnership differs from our law. Hence I believe that the motion of the individual defendants to strike the complaint as to them is in order, and their motion is accordingly granted.
So Ordered.
Dated at Stamford, Connecticut this 4th day of December 1990.
WILLIAM B. LEWIS, JUDGE CT Page 4888