[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#118)
The fourth count of the plaintiff's amended complaint alleges that the decedent, Morris Hogan and the plaintiff, Frederick Pesce entered into an agreement with the Federal Aviation Administration (FAA) for the purpose of securing federal funds for the preparation of an "Airport Master Study Plan."
The defendants, in support of the motion to dismiss allege that Mr. Pesce and Mr. Hogan did not enter into an agreement with each other but rather with the FAA. Therefore, the defendants claim that Pesce lacks standing to pursue a claim for breach of contract. CT Page 1765
"Standing concerns the legal right of an individual to set the machinery of the courts in operation." Alarm Applications, Inc. v. Simsbury Volunteer Fire Co., Inc., 179 Conn. 541, 545-546 (1980) "Where a party is found to lack standing the court is consequently without subject matter jurisdiction over the subject matter. Conn. Practice Bk. 143.
The plaintiff, Frederick Pesce, as a co-signer of the agreement is without standing to assert a breach of contract claim against the decedent, Hogan's estate.
Accordingly, the motion to dismiss is granted as to the fourth count of the plaintiff's amended complaint.
PICKETT, J.