[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 125)
The plaintiff, Genevieve Arcari, was a patient of the defendant, Alan Abrams, who is a licensed dentist. Over a three year period (July, 1985 — October, 1988) the defendant undertook to treat and care for the plaintiff's teeth, mouth and supporting structures. The plaintiff's second revised complaint (dated January 29, 1991) alleges that the defendant failed to properly examine, diagnose and treat her for the conditions then and there existing in her mouth. The plaintiff specifically alleges that as a consumer of defendant's services, she sustained substantial injury due to the deceptive representations made by the defendant which violated Conn. Gen. Stat. 42-110a et seq. Connecticut Unfair Trade Practices Act ("CUTPA").
On February 5, 1991 the defendant moved to strike the sixth count of the plaintiff's second revised complaint, which alleged unfair trade practices. The defendant's two-page memorandum in support of the motion to strike states that the allegations in the sixth count are specifically precluded by Conn. Gen. Stat. 42-110c. The defendant argues that the dental profession is exempted under CUTPA since it is regulated under state law by the State Dental Commission.
The plaintiff filed an objection to the defendant's motion to strike (dated February 11, 1991) and a memorandum of law in support. The plaintiff argues that the defendant has not met his burden of proving that the CUTPA exemption applies CT Page 4586 to dentists.
A motion to strike tests the legal sufficiency of the allegations of any complaint. Conn. Practice Bk. 152. "[I]f facts provable under the allegations would support . . . a cause of action, the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Co., 179 Conn. 541, 545
(1980).
Conn. Gen. Stat. 42-110c states that CUTPA shall not apply to "(1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state. . . ." Furthermore, the "burden of proving exemption . . . shall be upon the person claiming the exemption." Conn. Gen. Stat.42-110c(b). The defendant argues that this exception applies to dentists because the State Dental Commission has the power to regulate, supervise and discipline dental professionals.
In Yale University School of Medicine v. Wurtzel, 17 CLT 1, 33 (November 9, 1990, Flanagan, J.) the court stated that even "a single unfair professional or business act sufficiently complies with the statutory requirements of CUTPA." Other businesses and professions which are regulated by state agencies or committees (e.g. hospitals, pharmacists and attorneys) are not exempt from CUTPA. See Lutson v. Bridgeport Hospital, 16 CLT 37, 29 (August 9, 1990, Jones, J.); and Caruso v. Rite Aid Corp., 2 CSCR 532 (Spada, J.).
It is well documented that the Connecticut state courts are guided by the Federal Trade Commission and federal courts in its interpretation of whether there has been a CUTPA violation. Conn. Gen. Stat. 42-110b(b). Congress opted not to exclude "practitioners of a profession whose members are licensed and regulated by a state as a condition of independent practice within the state. . ." Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510,518 n. 8 (1938). This proposed amendment to the Federal Trade Commission Act, which was rejected by Congress, would have extended the list of exemptions to include state-regulated professionals. "More recently, the Federal Trade Commission has unequivocally stated its official position that state regulated professions, including the practice of law, are not and should not be exempted from coverage of the FTC Act." Id. at 519.
The Motion to Strike is denied.
E. EUGENE SPEAR, JUDGE CT Page 4587