[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON COUNTS THREE AND FOUR
This is an action by plaintiff (referred to as Stanley in the complaint) against Fuss and O'Neill (F O), an environmental consultant, Nanco Laboratories, Inc., a testing laboratory and subcontractor of F O, and Pace, Inc., Nanco's successor, based on alleged negligent testing performed by Nanco for the plaintiff. The plaintiff alleges CT Page 6762 that F O was hired to help Stanley comply with a consent decree between it and the U.S. Environmental Protection Agency regarding violations of solid waste disposal statutes and to help Stanley comply with other federal and state environmental laws. F O allegedly contracted with Nanco to perform tests upon certain sludge and the results of Nanco's tests showed the unanticipated presence of a banned herbicide. The test results were reported to the EPA, which thereafter imposed additional testing requirements and cleanup restrictions. Stanley then hired another company to test the sludge, and those tests showed that Nanco's test results were erroneous.
Counts One and Two sound in negligence and breach of contract.
In Count Three, Stanley claims a breach of fiduciary duty because F O allegedly did not tell Stanley the terms and conditions of its contract with Nanco and failed to insure that Stanley's interests were protected.
In Count Four, Stanley alleges that defendants negligently misrepresented the chemical contents of the sludge and that Stanley relied on their representations.
F O moves to strike Counts Three and Four on the ground of legal insufficiency.
 I.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, 196 Conn. 91, 108 (1985). "[I]f facts provable under the allegations would support . . . a cause of action, the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545 (1980).
 II.
Count Three alleges a breach of fiduciary duty.
The plaintiff's allegations, including the incorporated allegations in Counts One and Two, reveal a relationship in which Stanley contracted with F O so that F O could provide Stanley with its environmental expertise.
"Rather than attempt to define's fiduciary relationship in precise detail and in such a manner to exclude new situations,' we have instead chosen to leave `the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the CT Page 6763 other.'" Dunham v. Dunham, 204 Conn. 303, 320 (1987). "A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Id. at 322.
The allegations in Count Three do not rise to the level or a "unique degree of trust and confidence," but merely show a commercial, contractual relationship. Stanley has not alleged any facts that would impose a duty upon F O to represent Stanley's interests, nor that show how F O's expertise placed it in a superior position that "affords [it] a great opportunity for abuse of the confidence reposed in him." Dunham, 204 Conn. at 322. Additionally, the facts alleged do not fall into the categories of any of the traditional fiduciary relationships, e.g., attorney/client, trustee, agency, joint venture. The third count is legally insufficient.
 III.
The fourth count is based on the claim of negligent misrepresentation.
Stanley incorporates the allegations in Counts One, Two and Three and further alleges that F O knew or should have known that the test results were false, that Stanley would rely on those results, and that Stanley did reasonably rely on F O's representations.
 One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information'
D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 218 (1987), quoting Restatement (Second) of Torts (1979).
It appears that Stanley has alleged sufficient facts to state a cause of action for negligent misrepresentation
Motion to Strike Count Three granted.
Motion to Strike Count Four denied.
Wagner, J. CT Page 6763-A
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 6764