[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO STRIKE DATED OCTOBER 2, 1991
At the hearing on this motion to strike the defendant' s counterclaim, the parties, through their respective counsel, agreed that this court cannot at this stage of the proceedings determine whether or not the plaintiff engaged in unfair or deceptive practices that could form the basis of the defendant's CUTPA claim.
Nevertheless, a motion to strike admits all facts well pleaded and the allegations in the counterclaim are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under the allegations would support the defendant's claims, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545. Assuming that the facts alleged in the counterclaim are true, the defendant states a CT Page 10650 valid CUTPA claim.
The plaintiff claims that the damages sought by the defendant fail to satisfy a "substantial injury" test. This court finds that the damages claimed by the defendant in paragraph 13 of its counterclaim are sufficiently defined for purposes of a CUTPA claim. See Conaway v. Prestia, 191 Conn. 484.
The plaintiff's final claim that the defendant does not come within the class protected by the CUTPA provisions is without merit.
The motion to strike is denied.
BARRY, J.