[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE DATED JUNE 5, 1991
The defendant moves to strike the plaintiffs' complaint pursuant to 151, et seq., of the Practice Book for failure to state a claim upon which relief can be granted.
As stated by both parties in their respective memorandum of law, "A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS., Inc., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court must assume the truth of the facts alleged in the Complaint, Ivey, Barnum O'Mara v. Indian Properties, Inc., 190 Conn. 528, 530, n. 2 (1983), and the allegations of the Complaint are construed in a manner most favorable to the plaintiff. Meade v. Burns, 199 Conn. 651, 655
(1986). A motion to strike admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading. Mingachos, 196 Conn. at 108; CT Page 3658 Alarm Applications Co., v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545 (1980).
Briefly stated, the facts pled are that the defendant issued an insurance policy on a motor vehicle owned by one Clay Coppinger who, after having such coverage cancelled for non-payment of premiums, was involved on June 29, 1986, in a collision with the plaintiffs who, as a result thereof, received injuries and losses.
The plaintiffs claim that the defendant warranted to them, as residents and motorists in Connecticut, that Mr. Coppinger was insured for one year from the effective date of the policy and that he was financially responsible to the extent required by law to pay for any damages caused by him. They contend that the defendant insurance carrier had an obligation to notify the Commissioner of the Department of Motor Vehicles of the cancellation of Coppinger's policy as well as to request that Coppinger return his no-fault identification card and to cancel it.
A review of the provisions of Sections 14-12c of the General Statutes and 38-327[1] indicates clearly that the owner of a motor vehicle has the burden of maintaining the required insurance coverage. There is no statutory obligation that the insurance carrier notify the Commissioner of the Department of Motor Vehicles of a cancellation of insurance.
There is no merit to the plaintiffs' claim that issuing Coppinger a no-fault insurance card in any way constituted a warranty to them that the insured would maintain coverage during the policy year. Nor is there any legal support for the claim that the acts and omissions of the defendant were the legal cause of the plaintiffs' injuries.
The plaintiffs' complaint fails to state a claim upon which relief can be granted. The defendant's motion to strike the complaint is granted.
BARRY, J.