[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This is an action for summary process in which the plaintiff alleges violation of the lease and nonpayment of additional rent. The defendant has filed a Motion to Strike the Revised Complaint.
A motion to strike is designed to test the legal sufficiency of a pleading. Connecticut Practice Book, 1978, section 152; Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545. It admits all facts well pleaded. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail. Id., at 545. The court assumes the truth of the allegations contained in the pleading. Ivey, Barnum O'Mara v. CT Page 3403 Indian Harbor Properties, Inc., 190 Conn. 528,530 n. 2.
The court finds that the plaintiff has failed to state a cause of action and that the complaint is legally insufficient. According to paragraph 2 of the Revised Complaint the plaintiff alleges that "the defendant assumed obligations under the lease" during April 1991. The plaintiff, therefore, was not obligated to fulfill any demands made upon it before the date the defendant assumed its obligations, which counsel, in oral argument, agree is April 5.
Section 3(e)(1) of the lease provides that if the lessee is in default it can remedy the default within 15 days after notice is given in the case of the failure to pay additional rent, or within 30 days and a period of additional time as is reasonably necessary to remedy a default in the performance of a lease term.
The plaintiff points to certain items of correspondence claiming that these gave the requisite notice. Correspondence prior to April 5 is irrelevant as the defendant was not the owner of the property before that date. The communications of May 17, May 25, June 3, June 27, and July 23 invite response from the defendant and suggest ongoing negotiation. The letter of July 15 lacks specificity as to which issues and time frames the plaintiff addresses. The letter of August 1 provides notice that the defendant has not fully complied with the lease provision regarding insurance. The letter of August 14 speaks of "other obligations" but does not itemize them. Therefore, the court finds that it is only in connection with insurance that the plaintiff meets the requirements of notice.
In November 1991, the court reviewed the notice to quit in connection with a Motion to Dismiss. The court relied on the allegations of the first complaint in making its decision. At that time the court did not have the benefit of the allegations of the revised complaint and the various exhibits submitted in response to the defendant's pleadings. It did indicate however, that absent specific reference to the conduct or clause in question the notice could be deemed fatally defective.
At this time, the court finds the pleadings more explicit. It recognizes that the complaint and the notice to quit are at variance. The materials provided with the pleadings by the plaintiff have enlarged the complaint so that the notice to quit lacks the requisite specificity. Conn. Gen. Stat. 47a-23. Even if the only violation of the lease were the failure to provide appropriate insurance, it should be listed on the notice to quit. Furthermore the notice to quit should also specify each item sought as additional rent given the multiplicity of the types of payments plaintiff seeks.
For the following reasons the court grants the Motion to Strike. In addition, since the notice to quit is defective, the court CT Page 3404 lacks subject matter jurisdiction and dismisses the action sua sponte.
LEHENY, JUDGE