[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
The plaintiff, Elias Mirsky, wants this court to enjoin the City of Bridgeport from selling parkland to the State of Connecticut. He challenges the legality of the transaction on the ground the city by conveying the property will violate restrictive convenants which are contained in some of the deeds under which the city received the parkland. He also challenges the transaction on the ground the sale proceeds will be used in a manner prohibited by law. Presently, the plaintiff wants this court to issue a temporary injunction to remain in effect until the plaintiff and defendant finally resolve this law suit. The CT Page 7654 court concludes the application for a temporary injunction must be denied because the plaintiff has failed to prove that he has a sufficient personal stake in the outcome of this controversy for him to contest the legality of the sale.
The plaintiff testified as to his claims of harm. He believes he will be harmed because the state, as opposed to the city, will control the parkland. He fears the state will place general restrictions on the public's use of the park. He is worried that out-of-towners will be encouraged to use the park. He also claims harm on the theory that state police officers, as opposed to city officers, might be the ones patrolling the park. These claims of harm are not sufficient for the plaintiff to have standing to maintain this lawsuit. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 548 (1980); Belford v. New Haven, 170 Conn. 46 (1975) (Proposed Lease of Parkland). The plaintiff has not shown that he is threatened in a pecuniary manner; Atwood v. Regional School District No. 15,169 Conn. 613, 617 (1975); or that he is threatened with substantial damage distinct from that which may be sustained in common by the general public. Belford v. New Haven, supra at 51.
"Standing `is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented.'" American-Republican, Inc. v. Waterbury, 183 Conn. 523, 527
(1981). "It is a fundamental concept of judicial administration . . . that no person is entitled to set the machinery of the courts in operation except to obtain redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or a representative capacity." Bassett v. Desmond, 140 Conn. 426, 430 (1953).
The application for a temporary injunction is denied.
THIM, J.