[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On May 2, 1989, plaintiff Commissioner of Environmental Protection filed an enforcement action against defendant National Can Corporation for environmental violations beginning in 1987. On April 24, 1991, plaintiff filed a five count second amended complaint against defendant, alleging several environmental violations on various dates from 1987 through 1990 under the Water Pollution Control Act and seeking civil penalties pursuant to the applicable environmental statutes.
On July 20, 1992, defendant filed its "Answer and Amended Special Defense to Second Amended Complaint." In defendant's amended special defense, defendant alleges that "[s]ome or all of the plaintiff's claims are barred by Conn. Gen. Stat. 52-585 in that these claims were not brought within one year of the commission of the alleged violation." (Defendant's Answer and Amended Special Defense to Second Amended Complaint, p. 4).
On August 4, 1992, pursuant to Practice Book 152 (5), plaintiff filed a motion to strike defendant's amended special defense, accompanied by a memorandum in support thereof. Plaintiff claims that the amended special defense is legally insufficient in that (1) CT Page 8616 General Statutes 52-585 was amended by P.A. 91-312 and no longer applies to the present action; (2) the current language of 52-585 as amended by P.A. 91-312 is that which applies in the case at bar; (3) even the prior version of 52-585 has been interpreted to be inapplicable to state actions; and (4) because the present action is based upon remedial statutes rather than penal statutes, 52-585 is inapplicable. (Motion to Strike Special Defense, p. 1).
On August 12, 1992, defendant filed a memorandum in opposition to the motion to strike.
On August 17, 1992, plaintiff filed a "Reply Memorandum of Law in Support of Plaintiff's Motion to Strike Special Defense," and on August 18, 1992, defendant filed an "Opposition to Plaintiff's Reply Memorandum in Support of Motion to Strike Special Defense."
The function of a motion to strike is "to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). A motion to strike "admits all facts well pleaded." (Emphasis in original). Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
In plaintiff's memorandum of law in support of the motion to strike, plaintiff asserts four arguments in support of his claim that defendant's special defense is legally insufficient. This court finds persuasive the plaintiff's argument that both the current version of General Statutes 52-585, as amended by P.A. 91-312 44, effective October 1, 1991, and the pre-amendment version of 52-585 exempt state actions from its provisions. (See Plaintiff's Memorandum, pp. 2-3). Plaintiff maintains that because the amendment to 52-585 was a clarification of the original legislative intent, rather than a change in the law, the amendment has retroactive effect. (Plaintiff's Memorandum, pp. 2-3).
Defendant argues, in its memorandum in opposition to the motion to strike, that the amendment to 52-585
"was not merely a clarification," but was rather a "change in the law." (Defendant's Memorandum, p. 2). Therefore, defendant maintains that the amendment should not be applied retroactively. (Defendant's Memorandum, pp. 2-3). CT Page 8617
General Statutes 52-585, as amended by P.A. 91-312, provides:
 No suit for any forfeiture upon any penal statute shall be brought but within one year next after the commission of the offense. The provisions of this section shall not apply to any civil action brought by the state or a municipality, or any officer or agent thereof, to recover a forfeiture or civil penalty.
General Statutes 52-585. Prior to the amendment,52-585 consisted only of the first sentence of the above version of the statute. See General Statutes (Rev. to 1991) 52-585. However, in 1991 the legislature amended 52-585 to add language expressly exempting state actions from its provisions, noting that the amendment
 makes sure . . . that the Statute of Limitations for bringing civil penalties under any of these administrative penalties in this bill or any other do not apply when they're brought by a state or municipality to cover any of those damages which may be due the state or municipality. This was brought up by the Attorney General's Office because there are some claims being made that there is only a one-year Statute of Limitations and we'd like not to have that at this point in time.
34 H.R. Proc., Pt. 1, 1991 Sess., p. 131. (See Plaintiff's Reply Memorandum, Exhibit 2).
In Attorney General Richard Blumenthal's written and oral testimony in support of the amendment, he referred to the amendment as "An Act Clarifying the Statute of Limitations in Forfeiture Actions" and further described the amendment as "merely clarifying in the statutes what is currently the law." Written Testimony of Attorney General Richard Blumenthal Before the Environment Committee, 1991 Sess., p. 1; Conn. Joint Standing Committee Hearings, Environment, 1991 Sess, p. 24. (See Plaintiff's Reply Memorandum, Exhibit 3).
"A clarifying act `"`in effect construes and clarifies a prior statute [and, therefore,] must be accepted as the legislative declarations of the meaning CT Page 8618 of the original act.'"'" Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 244, 558 A.2d 986 (1989), U.S. cert. denied. ___ U.S. ___, 112 S.Ct. 1170, ___ L.Ed.2d ___ (1992), quoting State v. Magnano,204 Conn. 259, 278, 528 A.2d 760 (1987). "Where an amendment is intended to clarify the original intent of an earlier statute, it necessarily has retroactive effect." State v. Magnano, supra, 284. "`Statements made on the floor of the house, although not controlling, may be judicially noticed and are a strong indication of legislative intent.'" Enquist v. General Datacom, 218 Conn. 19, 40 n. 6, 587 A.2d 1029 (1991), quoting Manchester Sand Gravel Co. v. South Windsor,203 Conn. 267, 276, 524 A.2d 621 (1987). "Although we ordinarily review a statute's legislative history in light of discussions conducted on the floor of the Senate or House of Representatives, we have also considered discussions before joint standing committees when discerning legislative intent." North Haven Planning Zoning Commission, 220 Conn. 556, 564 n. 11,600 A.2d 1004 (1991). Finally, "[t]he statement of purpose of a bill, on its introduction into the legislature, may be considered in determining its intent." Seals v. Hickey, 186 Conn. 337, 345,441 A.2d 604 (1982).
With respect to General Statutes 52-585, the statement of purpose of the amendment encompassed by the remarks of Representative Tulisano before the House, and the oral and written testimony of the Attorney General before the environment committee indicate that the legislature intended to merely clarify the original intent of 52-585 when it enacted the amendment in 1991. Therefore, because the amendment was intended to clarify 52-585, rather than change the statute, the amendment "necessarily has retroactive effect." State v. Magnano, supra, 284.
We hold that the statute of limitations set forth in 52-585 does not apply to civil actions brought by the state. Therefore, the defendant's amended special defense, in which it alleges that plaintiff's claims are barred under 52-585, is legally insufficient as against the plaintiff Commissioner in this case. Accordingly, the plaintiff's motion to strike the amended special defense is granted.
Mary R. Hennessey, Judge CT Page 8619