[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE COMPLAINT SEEKING GOVERNMENTAL INDEMNIFICATION
In the Third Revised Complaint plaintiff Detective Sergeant Alexander Cislo alleges, inter alia, that "[a]t all times mentioned [he] was acting within the course of his duties as a police officer for the City of Shelton." The Complaint recites the prosecution of the plaintiff for the crime of aggravated sexual assault in the first degree upon a criminal complaint filed by a Ms. Rivera. According to paragraph 2 of the Third Revised Complaint Ms. Rivera claimed in her application for an arrest warrant that she met Detective Sergeant Alexander Cislo at a bar in Derby, Connecticut, pursuant to his telephone request of September 7, 1989, after which he transported her in his vehicle to a state park where he sexually assaulted her.
In paragraph 4 of the Third Revised Complaint Detective Sergeant Alexander Cislo denies the allegations contained in Ms. CT Page 11452 Rivera's application for an arrest warrant. Paragraph 4 concludes with the following sentence: "Further, the only contacts that Alexander Cislo had with . . . Rivera were occasions when he contacted her in the normal course of his police business, specifically when he contacted Ms. Rivera to obtain information in regard to individuals who were under investigation by the Shelton Police Department and/or the Valley Street Crime Unit."
In paragraph 5 of the Third Revised Complaint, the plaintiff denies speaking with Ms. Rivera via telephone on September 7, 1989, but states that he may have talked to her on that occasion ". . . since he was in regular contact with her in regard to pending police investigation."
In the Third Revised Complaint the plaintiff claims that his legal fees and costs incident to his defense of the aforesaid criminal charge total $60,145.23, and that because thirteen months have passed since the disposition of the criminal charges by nolle, Connecticut General Statutes 54-142a prohibits the reactivation of the criminal charge. Pursuant to Connecticut General Statutes 53-39a
the plaintiff seeks ". . . indemnification by the City of Shelton for economic losses including attorney's fees and costs sustained by him as a result of the prosecution referred to above."
Defendant City of Shelton has moved to strike the Third Revised Complain on two claimed bases: 1) the alleged facts do not as a matter of law constitute a basis for determination that plaintiff police officer was ". . . in the course of his duties as such" within the meaning of 53-59a; and 2) the failure of the plaintiff to allege that the criminal charge against him was either dismissed or he was found not guilty.
A motion to strike is a means to challenge the sufficiency of pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368
(1985). In examining a pleading to determine its sufficiency, the court assumes the truth of the alleged facts and, if those facts provable under the allegation would support a claim, the motion to strike must fail. Alarm Applications v. Simsbury Volunteer Fire Department, 179 Conn. 541, 545, 427 A.2d 822 (1980).
Connecticut General Statutes 53-39a states in relevant part the following:
 Wherever, in any prosecution of an officer of . . . a local police department for a crime allegedly committed by such CT Page 11453 officer in the course of his duty as such, the charge is dismissed or the officer found not guilty, such officer shall be indemnified by his employing governmental unit for economic loss sustained by him as a result of such prosecution, including payment of any legal fees necessarily incurred.
In Rawling v. New Haven, 206 Conn. 100 (1988) the Connecticut Supreme Court declared that "[i]n order to establish a nexus between the costs of defense and a governmental employer's receipt of the benefit of police services, the legislature expressly conditioned a right of indemnity under 53-39a on a showing that the alleged crime was committed `by such officer in the course of his duty as such.' Id. at 112. This showing must be made by a preponderance of the evidence. Id.
Assuming for the purposes of the instant motion, the truth of the allegation in paragraph 4 of the Third Revised Complaint that ". . . the only contacts that Alexander Cislo had with . . . Rivera were occasions when he contacted her in the normal course of his police business," and so assuming the truth of paragraphs 6 and 7, i.e. the nolle and dismissal of the sexual assault charge, the Court must and does find the Third Revised Complaint sufficient to withstand the defendant's Motion to Strike.
CLARANCE J. JONES, JUDGE