[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO STRIKE SPECIALDEFENSES AND FOR SUMMARY JUDGMENT
The special defenses filed by the defendants' support legal defenses, if true, and these can not be stricken by a motion to strike because the motion admits all facts well-pleaded, AlarmApplications v. Simsbury Volunteer Fire co., 179 Conn. 541
(1980). Therefore, the motion to strike is denied.
The plaintiffs also seek summary judgment as to Counts One CT Page 7122 and Two of the complaint.
Count Two deals with the enforcement of a Florida judgment which has not been attacked pursuant to General Statutes §52-212 (a). No relief is available since the four-month period for opening has passed. It is uncontested that the Florida judgment is valid under General Statutes § 52-604 et seq. The defendants only claim is that the judgment is against the public policy of this state because it was obtained on a usurious note.
Whether or not this claim is valid (and it appears not to be) is not the question for this court to decide because it is clear under the law that full faith and credit must be given to a valid judgment of another jurisdiction, even where the judgment is contrary to the public policy of the enforcing state. Fauntleroyv. Lum, 210 U.S. 230. Consequently, the defendants' claim of unenforceability has no merit. See Hilton International Co. v.Arace, 35 Conn. Sup. 522, 527-530, (1977).
As to the first count, where the plaintiffs seek summary judgment or a factual claim that Dorothy Edite is the owner of the property in question, namely 676-678 Blue Hills Avenue in Hartford, the plaintiffs have filed numerous affidavits and exhibits in support of this claim. The defendant Dorothy Edite has filed an affidavit which deals only with the first count.
Therefore, the court has determined that there is no genuine issue of fact as to either count and finds for the plaintiffs on both counts. Therefore, summary judgment may enter for the plaintiffs on liability only.
The matter is set down for a hearing on the remaining issues in this foreclosure action.
Freed, J.