[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO STRIKE BASED UPON CLAIM OF GOVERNMENTAL IMMUNITY
By Amended Complaint dated July 25, 2000, plaintiff Agostinho Dasilva sets out in three counts his claim against the Town of Wallingford (hereafter Town) for injuries which he allegedly sustained as a result of being struck by a branch of a maple tree. Specifically, the plaintiff alleges that while walking on Grandview Avenue near its intersection with Hillsview Road — both public streets in Wallingford — "suddenly and without warning he was violently struck by a large limb of CT Page 2685 a diseased or improperly maintained maple tree located immediately adjacent to said northwest corner of the intersection. . . ." The Amended Complaint lists three theories of liability against the Town to recover for his alleged injuries; namely, highway defect; negligence; and nuisance.
The Town has moved to strike the Amended Complaint. In its motion the Town asserts that the Amended Complaint fails to set out a cognizable cause of action in either count. A motion to strike may be used to challenge the legal sufficiency of a pleading to state a claim upon which relief can be granted. Conn. Prac. Bk. § 10-39. If upon construing the facts alleged in the compliant in the light most favorable to the non-moving party the court determines that the allegations fail to support a cause of action, the motion to strike should be granted. AlarmApplications Company v. Simsbury Volunteer Fire Company, 179 Conn. 541,545 (1988).
The court shall address each count in turn. As to highway defect, plaintiff Agostinho Dasilva in the First Count of the Amended Complaint alleges that Conn. Gen. Stat. Sec. 13a-149 — also known as the highway defect statute — imposes upon the Town the duty to exercise reasonable supervision or care of its public highways, including Grandview Avenue and Hillsview Road.
Conn. Gen. Stat. Sec. 13a-149 states in material part that
 [a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. (Emphasis added.)
The plaintiff specifically alleges in the First Count of the Amended Complaint that the deteriorated condition of the Maple tree made the travel section of the roadway a "defective road" as that term is used in the statute. The plaintiff alleges further that the Town breached its duty in this regard by failing to remove the maple tree, and/or by failing to prune or otherwise remove that portion of the tree which presented a risk to those traveling upon the highway. The plaintiff does CT Page 2686 not allege that prior to its fall the tree branch was near ground level nor that it obstructed the route of travel.
Citing, Comba v. Town of Ridgefield, 177 Conn. 268 (1979), defendant Town disputes that the allegedly deteriorated maple tree converted the roadway into a "defective road" as contemplated by the statute. The Supreme Court in Comba, supra, found that a rotted tree part near a roadway which resulted in a high overhanging branch falling on an automobile and injuring a passenger therein did not create a "defective road" as contemplated by § 13a-149, for the reason that the "condition alleged . . . did not obstruct, hinder or operate as a menace to travel." Id at 271.
 It was a condition that could cause injury, but that injury could result even to one who was not a traveler on the highway. A person could be injured by the limb; but the use of the highway, as such, would not necessarily have led to the injury. Id.
Applying the precedential analysis and directive of Comba, supra, this court must grant the motion to strike the plaintiff's claim presented under § 13a-149.
In the Second Count of his Amended Complaint the plaintiff alleges that defendant Town of Wallingford is liable in negligence. In this regard, the plaintiff alleges, inter alia, that by virtue of C.G.S. §§ 23-58
and 23-59, the tree warden of the Town has the statutory duty to take care of the tree, i.e. to prune it or otherwise remove it so as to safeguard the public therefrom. The plaintiff further alleges that it was the breach of this duty that caused his injuries and results in actionable negligence in this case.
The court finds that inasmuch as the duty to which the plaintiff refers in the Second Count is a governmental one, the Town would not be legally responsible for the negligence as. alleged. See Elliott v. Waterbury,245 Conn. 385. 418 (1998).
Plaintiff's third and final count is predicated upon a claim of nuisance. To maintain a cognizable cause of action in nuisance against a municipality such as the Town of Wallingford a plaintiff must prove "that the defendant[s], by some positive act, intentionally created the conditions alleged to constitute a nuisance." Elliott v. Waterbury,supra, at 421. The defendant argues that this count that does not contain a factual allegation of a positive act. The defendant points out that although paragraph 12 of the third count alleges that "the defective condition of the tree was caused by a positive act of the municipality," CT Page 2687 the alleged "positive act" articulated in the third count is set out in paragraph 8 thereof as follows: "the maple tree . . . was in a state of disrepair and was overgrown, diseased, infested or insect ridden so as to endanger those individuals in and about its area." The defendant argues and the court agrees that the facts alleged in the third count do not comprise an allegation of an intentional "positive act" as contemplated by the pleading requirements for nuisance in this context. See Bacon v.Rocky Hill, 126 Conn. 402, 411 (1940).
For the foregoing reasons the court grants the defendant's motion to strike each of the three counts set out in the plaintiff's Amended Complaint, dated July 25, 2000.
Clarance J. Jones, Judge