[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#104)
The defendant, Canterbury School has moved to strike count two of the plaintiff, William D'Alton's complaint and his fourth claim for relief. The grounds stated in the motion are that: (1) count two claims a violation of Conn. Gen. Stat. 31-51q, but it does not allege an essential element of this statutory action, specifically the plaintiff has failed to allege that the protected speech did not "substantially or materially interfere with the employee's bona fide job performance on the working relationship between the employee and the employer" and (2) the fourth claim for relief, pertaining to attorney's fees, does not limit itself to an authorized statute or contract. Memoranda of law in support and in opposition to the motion have been filed.
A motion to strike tests the legal sufficiency of a pleading. Conn. Practice Bk. 152. All well-pleaded facts must be construed in the manner most favorable to the non-moving party. Blancato v. Feldspar Corp.,203 Conn. 34, 36 (1987). In ruling on the motion, the court is limited to the grounds specified in the motion. Id. at 44. If the facts provable under the allegations would support a claim, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545
(1980).
Conn. Gen. Stat. 31-51q provides in relevant part:
 Any employer, . . ., who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such CT Page 6013 discipline or discharge including punitive damages, and for reasonable attorney's fees as part of the costs of any such action for damages. . . . (emphasis added).
"When any claim made in a complaint. . .is grounded on a statute, the statute shall be specifically identified by its number." Conn. Practice Bk. 109A. The provisions of 109A are directory rather than mandatory. Rowe v. Godou, 209 Conn. 273, 275 (1988).
In count two of his complaint, the plaintiff alleges, inter alia, that: (1) he was an employee of the defendant; (2) the defendant terminated him or failed to renew his contract; (3) as a result of the plaintiff's expression of certain concerns about the fiscal, executive, and educational management of the school; and (4) the termination of the plaintiff for voicing said concerns constitutes a violation of section 31-51q. The plaintiff has plead facts sufficient to maintain an action pursuant to section 31-51q and the defendant's motion to strike count two of the complaint is therefore denied. Moreover, since section 31-51q provides for an award of punitive damages as well as attorney's fees, the defendant's motion to strike the plaintiff's fourth claim for relief is also denied.
PICKETT, J.