[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE COUNTERCLAIM (NO. 116)
This dispute arises from injuries incurred by the plaintiff, George Robinson, while repairing a conveyor. The plaintiff alleges that his employer, Arnold Company, leased the conveyor to the defendant Associated Chemical and Environmental Services Company ("ACES"). ACES needed the conveyor because it was hired by Carpenter Technology Corp. ("Carpenter") to remove toxic materials from Carpenter's Seaview Avenue plant. The plaintiff suffered injuries at Carpenter's Seaview Avenue plant while repairing the conveyor.
The plaintiff sued ACES and Carpenter in negligence The plaintiff's employer, Arnold Company, intervened as a coplaintiff to seek reimbursement for amounts it has already paid to the plaintiff pursuant to the Workers' Compensation Act.
ACES and Carpenter (defendants) filed a one count counterclaim against the intervening plaintiff. In the counterclaim, the defendants allege that, pursuant to the conveyor lease agreement between Arnold and ACES, Arnold "is obligated to indemnify, defend and hold harmless" ACES for the injuries alleged by the plaintiff and for its costs in defending this action.
Arnold moves to strike the defendants' counterclaim on the ground that it fails to state a claim for indemnification.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, 196 Conn. 91, 108,491 A.2d 368 (1985). "[T]he court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). "[I]f facts provable under the CT Page 4576 allegations would support . . . a cause of action, the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
In support of its motion to strike Arnold argues that the defendants have not sufficiently alleged an active/passive negligence indemnification claim and additionally that such a claim is not permitted under the Workers' Compensation Act absent allegations of an independent legal relationship. Arnold also argues that hold harmless agreements in construction or repair contracts are void pursuant to Connecticut General Statutes 52-572K. Arnold lastly argues that, because Carpenter was not a party to the lease agreement between Arnold and ACES, no facts have been alleged to state a claim for indemnification by Carpenter.
In opposition the defendants argue that they are owed an independent legal duty by Arnold pursuant to the lease agreement so that their indemnification claim is proper. They further argue that the agreement is not contrary to public policy because it does not seek indemnification for damages resulting from their sole negligence.
Neither party has appended the alleged lease agreement to their pleadings. The relevant allegations in the counterclaim are:
 3. At all times hereinafter, [Carpenter] is indemnified by ACES pursuant to its insurance policy.
 4. On or about December 4, 1989, the Defendant, ACES, entered into a lease agreement with the Arnold Company for the rental of a 30' electric conveyor. . . .
 6. Pursuant to the order, terms and conditions of the lease agreement, Arnold Company is obligated to indemnify, defend and hold harmless ACES for the injuries and damages alleged by the Plaintiff in his complaint.
 As a result of the foregoing, the Defendants have been forced to defend a suit brought against them by the Plaintiff and may be held liable for the payment of damages to the Plaintiff. CT Page 4577
Connecticut General Statutes 52-572K voids "hold harmless clauses" in certain construction or repair contracts that purport to shield the promisee against liability for damages caused by the sole negligence of the promisee. Arnold argues that this statute voids the indemnification agreement.
The allegations in the counterclaim as to the terms of the lease agreement do not indicate that the defendant promisees are to be held harmless if their sole negligence results in injuries or damages. Therefore, Connecticut General Statutes52-572K does not void the agreement insofar as its terms are alleged in the counterclaim.
Ordinarily, the Workers' Compensation Act provides the exclusive remedy against employers in "any action for damages on account of personal injury sustained by an employee" in the course of his or her employment. Connecticut General Statutes31-284(a). However, an independent legal duty owed by the employer to a third party that goes beyond mere active/passive negligence can provide a basis for recovery against an employer. Ferryman v. Groton, 212 Conn. 138, 144, 561 A.2d 432 (1989). "`The right to indemnity is clear when the obligation springs from a separate contractual relation. . . .'" Id., 145 quoting 2A A. Larson, Workmen's Compensation Law 76.
The defendants allege facts showing a contractual obligation by Arnold to indemnify the defendant ACES. The allegations evidence an independent legal duty sufficient to state a claim outside the exclusivity clause of the Workers' Compensation Act.
Arnold argues that the counterclaim alleges only that ACES and Arnold entered into the contract and, thus, Carpenter has not stated facts showing Arnold owed it an independent legal duty. The counterclaim alleges that Carpenter "is indemnified by ACES pursuant to its insurance policy." This allegation does not set forth facts to show that Carpenter is also a party to the lease agreement between ACES and Arnold or that Arnold owes Carpenter an independent legal duty.
The court denies the motion to strike as to ACES because the counterclaim sufficiently alleges facts showing an independent legal duty.
The motion is granted as to Carpenter because there are no allegations setting forth an independent legal duty between Carpenter and Arnold.
E. EUGENE SPEAR, JUDGE CT Page 4578