[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE OF DEFENDANT McCUE MORTGAGE COMPANY
I.
The plaintiffs, Bruce and Helen Tackling, individually and as father, mother and next friends of their minor children Jessica, Nicholas and Joseph Tackling, filed a nineteen count revised complaint which arises out of a real estate transaction in which the Tacklings purchased a home which was painted with lead paint. The defendants in this suit are as follows: Re/Max Olympic Realty (hereinafter "Re/Max"), William E. Kane, III, who the plaintiffs allege is an owner of Re/Max and Mary Shinerman, all of whom the plaintiffs allege acted as the plaintiffs' realtors; McCue Mortgage Company (hereinafter "McCue") who the plaintiffs allege provided the plaintiffs with a HUD/FHA mortgage loan on their New London residence; and Doris DeWees, who the plaintiffs allege performed an inspection on the property which was required in order for the plaintiffs to receive a mortgage through HUD and insured by the FHA.
In counts sixteen through nineteen against McCue, the plaintiffs allege that McCue was engaged in the business of providing mortgage loans to prospective homeowners and held itself out as being able to provide financing to certain "qualified" prospective homeowners through HUD and insured by FHA. The plaintiffs next allege that McCue would receive a pecuniary benefit if the plaintiffs "qualified" and if the CT Page 1584 appraisal value of the residence was at or above its established list price. The plaintiffs also allege that as part of the process and procedure of providing financing, as required by HUD/FHA guidelines, it was necessary that an appraisal be done to establish the value of the residence, and that McCue chose the defendant DeWees as the appraiser to value the residence which the plaintiffs sought to purchase. The plaintiffs further allege: the appraisal was paid for by the Tacklings; the defendant DeWees knew or should have known the plaintiffs had three small children; and, that the home contained lead-based paint on its interior and exterior surfaces which was peeling, chipping and cracking. As a result of the negligent appraisal of the defendant DeWees and despite HUD/FHA guidelines, the plaintiffs allege, they obtained the mortgage loan from HUD, FHA and McCue, and purchased the New London residence, and their children ultimately became exposed to dangerous, toxic and poisonous paint with a base of more than .06 percent (0.06%) lead.
The plaintiffs finally allege that: McCue was negligent in that it granted a HUD/FHA loan and allowed the plaintiffs to occupy the residence despite the existence of lead paint; McCue is liable for the defendant DeWees' negligence under the doctrine of respondeat superior; McCue negligently hired and/or supervised the defendant DeWees; and that McCue's conduct constitutes a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110a, et seq.
McCue filed a motion to strike counts sixteen through nineteen of the plaintiffs' complaint on the grounds that McCue owed no duty to the plaintiffs regarding the inspection of the residence and that the plaintiffs have not alleged sufficient facts to establish a CUTPA violation. Each party filed a memorandum of law, and the parties were heard.
 II
A motion to strike is a means by which to challenge the sufficiency of the pleadings. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). A motion to strike "must rely wholly upon the factual allegations of the pleadings addressed and may not contain affirmative factual allegations which could only be proved by evidence." State v. Bashura, CT Page 158537 Conn. Sup. 745, 748 (Super.Ct. 1981). If facts provable under the allegations would support a claim or defense, then the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980); Mingachos, supra, 109.
A. Counts sixteen, Seventeen and Eighteen.
McCue argues in its memorandum of law in support of its motion to strike that counts sixteen, seventeen and eighteen of the plaintiffs' complaint do not state claims upon which relief may be granted because McCue did not owe a duty to the plaintiffs.[1]
In order for a plaintiff to prevail on a common law negligence claim for the violation of a statute a plaintiff must satisfy two conditions: "1) the plaintiff must be a member of the class protected by the statute; and 2) the injury must be of the type the statute was intended to prevent." Small v. South Norwalk Savings Bank, 205 Conn. 751
(1988), citing Wright v. Brown, 167 Conn. 464 (1975).
In Small v. South Norwalk Savings Bank, supra, the plaintiff sued the mortgage company which financed her home on the ground that it breached a duty to advise or inform her that the property was located in a special flood hazard area, as required by 12 C.F.R. § 339.0 through 339.5. The plaintiff based her claim on the following language which mandates that banks insured by the FDIC:
 "shall, as a condition of making, increasing, extending or renewing any loan secured by improved real estate . . . located or to be located in an area that has been identified by the Secretary of Housing and Urban Development as an area having special flood hazards, mail or deliver as soon as feasible but not less than 10 days in advance of closing of the transaction . . . a written notice to the borrower stating: (1) That the property securing the loan is or will be located in an area so identified. . . ."
Small v. South Norwalk Savings Bank, supra, 754, quoting 12 CT Page 1586 C.F.R. § 339.5.
In the trial court the case went to the jury on the negligence claim and the jury returned a verdict in favor of the plaintiff. Small v. South Norwalk Savings Bank, supra, 755. On appeal, the defendant argued that it did not owe a duty to the plaintiff and, therefore, the verdict should be overturned, 759-760. The court examined the requirements that a plaintiff must meet in order to sustain a negligence action based upon the violation of a statute and upheld the plaintiff's award. Id, 760.
The plaintiffs, in the instant case, cite to several federal regulations in support of their contention that McCue had a duty, among others, to inspect and inform them whether their house contained lead paint. One of these regulations appears at 24 C.F.R. § 200.810(b) and reads in pertinent part as follows:
 Appraisal. The fee panel appraiser or direct endorsement appraiser of a dwelling constructed prior to 1978 shall inspect the dwelling for defective paint surf aces. If a defective paint surface is found, the commitment or other approval document will contain the requirement that the surface is to be treated . . . . Treatment of the surface shall be accomplished before the mortgage is endorsed for insurance. . . .
Another regulation cited by the plaintiffs appears at 24 C.F.R. § 35.5 and reads as follows:
 (a) Purchasers and tenants of HUD-associated housing constructed prior to 1978 shall be notified:
 (1) That the property was constructed prior to 1978;
 (2) That the property may contain lead-based paint;
(3) of the hazards of lead-based paint;. . . . CT Page 1587
It is evident that the language in the above-cited regulations requires that the property to be purchased must be appraised and that the purchaser must be notified if the property may contain lead-based paint, and the hazards of lead-based paint.
The directive of this language is substantially similar to that cited by the plaintiff in Small, supra. It is also evident that the plaintiffs, as purchasers and occupiers of the premises, are members of the class protected by the regulations, and that the regulations seek to protect the members of this class from unknowingly occupying a structure which contains lead paint. As such, the plaintiffs have alleged a sufficient cause of action based upon statutory negligence. "Where a statute is designed to protect persons against injury, one who has, a result of its violation, suffered such an injury as the statute was intended to guard against has a good ground of recovery." Wright v. Brown, 167 Conn. 464, 468 (1975). Accordingly, McCue's motion to strike counts sixteen, seventeen and eighteen is denied.
 III
B. Count Nineteen of the Plaintiff's Complaint.
The plaintiffs allege, in count nineteen of their complaint, that McCue's negligence also violates CUTPA. McCue seeks to strike this count on the grounds that the plaintiffs have not established a claim of negligence against it and that, in any event, negligence cannot be the basis for a CUTPA claim.
The relevant provision of the Connecticut Unfair Trade Practices Act, General statutes 42-110b(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
The Connecticut courts have applied the "cigarette rule" to determine whether an alleged act is unfair: "1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or CT Page 1588 otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; 2) whether it is immoral, unethical, oppressive, or unscrupulous; 3) whether it causes substantial injury to customers [(competitors or other businessmen)]." (citations omitted.) A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990). "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Atlantic Richfield Company v. Canaan Oil Company, 202 Conn. 234, 242
(1987). However, when the violation is based solely upon an allegedly negligent act, it must meet more than just the first prong of the test. A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 217 (1990).
The court in A-G Foods, Inc., supra, 215-16, when discussing the three criteria in the `cigarette rule,' quoted with approval letters from the FTC and said:
 "Moreover, in 1980 the (FTC) reviewed those factors and concluded that unjustified consumer injury is the primary focus of the FTC Act, and the most important of the three. . . criteria . . . The Commission explained that regulation is permissible only if a practice causes [unjustified] injury that is substantial . . . . (Emphasis supplied.)
In discussing the third criteria, the [FTC] has stated:
 `The independent nature of the consumer injury criterion does not mean that every consumer injury is legally unfair, however. To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competitors that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided." (Emphasis in original) ( internal quotations and CT Page 1589 citations omitted.)
Here, the allegations of the complaint taken as true for the purpose of the motion to strike, satisfy the three prongs of the `cigarette rule.'
The plaintiffs Sufficiently allege the violation of regulations relating to appraisals and inspection for lead paint which meets the first prong. They also allege that McCue would realize a pecuniary benefit if the Tacklings qualified for their mortgage and that McCue altered, changed or `manipulated' the appraised value of the premises so as to enable the Tacklings and their proposed purchase to be qualified. This sufficiently constitutes the second prong of an "immoral, unethical, oppressive or unscrupulous" practice.
The plaintiffs have also alleged that the children have sustained lead paint poisoning with concomitant blood disorders, learning disabilities and emotional disturbances, attention and renal disorders and neurological disorders, and that they continue to suffer from these effects. This is a sufficient allegation of an "unjustified and substantial" consumer injury, as it meets all three of the FTC tests quoted with approval by our supreme court in A-G Foods, Inc., supra.
This court concludes, based on the foregoing, that the nature and cause of the injuries alleged by the plaintiffs come within the `cigarette rule,' and therefore sufficiently state a cause of action under CUTPA.
Therefore, McCue's motion to strike the sixteenth through nineteenth counts of the plaintiffs' complaint is denied.
Teller, J.