[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Patricia Boylan, alleges in her complaint that she was injured while in the employ of Loomis Armored, Inc., (Loomis), on December 18, 1989. The defendant Fidelity Casualty Company of New York (Fidelity) provided worker's compensation insurance coverage to Loomis which was administered through Fidelity's agent, the defendant, Underwriters Adjusting Company (Underwriters). The plaintiff sought workers' compensation benefits for her injury and on May 25, 1990, was awarded temporary total disability benefits by the Workers Compensation Commissioner for Connecticut's Fifth District. The plaintiff was also awarded attorney's fees, interest and the payment of medical, hospital and other health bills. No appeal was taken from this award. The plaintiff filed a second revised complaint on May 30, 1991, alleging in five counts: breach of contract, breach of covenant of good faith, intentional infliction of emotional distress, and violations of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA) for the defendant's failure to pay the award in a timely manner.
The defendant Underwriters filed a motion to strike the plaintiff's entire complaint on November 9, 1992, alleging that all counts fail to state a claim upon which relief can be granted and in the alternative that plaintiff's action is barred by the exclusivity of the Worker's Compensation Act. The plaintiff filed a memorandum in opposition on December 1, 1992.
A motion to strike is used to "test the legal sufficiency of a pleading." Alarm Applications Company v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). All well pleaded facts are admitted and they are viewed in the light most favorable to the pleader. Blancato v. Feldspar Corporation,203 Conn. 34, 36, 522 A.2d 1235 (1989). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). Only those grounds specified in the motion may be considered by the court in striking the complaint. Morris v. Hartford Courant, 200 Conn. 676, 682, 513 A.2d 66
CT Page 2781 (1986).
The defendant argues that the plaintiff is precluded from bringing this action because she has failed to exhaust her administrative remedies under the Workers' Compensation Act, Connecticut General Statutes 31-275, et seq. The exclusivity of the workers' compensation act is properly raised by a special defense, and not by a motion to strike. Grant v. Bassman,221 Conn. 465, 471-73, 604 A.2d 814 (1992). Therefore the motion to strike based on this ground is denied.
The defendant also argues that the plaintiff's entire complaint fails to state a claim upon which relief can be granted. The defendant argues that the plaintiff has failed to sufficiently allege the elements of intentional infliction of emotional distress. Specifically, the plaintiff has failed to allege that the defendant's conduct was extreme and outrageous and that the emotional distress suffered by the plaintiff was severe. As to the CUTPA and CUIPA violations, the defendant argues that the plaintiff must allege more than one wrongful act to constitute violations of CUTPA and CUIPA.
Noticeably missing is the defendant's alternative argument(s) for why counts one and two of the plaintiff's complaint fail to state a claim upon which relief can be granted.
The plaintiff argues that the defendant's motion to strike is improper because the defendant had been defaulted pursuant to Practice Book 128. The plaintiff contends that the defendant is precluded from filing a motion to strike because Practice Book 251 states:
 "If a case is printed on the dormancy calendar . . . and a motion for default for failure to plead is filed pursuant to Sec. 128, only those papers which close the pleadings by joining issues, or raise a special defense, may be filed by any party, unless the court otherwise orders."
Therefore, the plaintiff argues, that the defendant should only be allowed to file an answer or a special defense.
The court has previously considered motions to strike even though a default had been entered against the defendant pursuant CT Page 2782 to Practice Book 251. Balaban v. Jacobson, Superior Court, Judicial District of New London at Norwich, Docket No, 91063 (April 12, 1991). The court allowed the motion to strike based on the discretionary language of Practice Book 251 by which the court can allow other pleadings to be filed.
Therefore, it is in the court's discretion to decide the defendant's motion to strike, and this court chooses to exercise its discretion and decide said motion.
As to defendant's argument that the plaintiff's entire complaint fails to state a claim upon which relief can be granted, the court finds that as to the first two counts for breach of contract and breach of good faith covenant, respectively, the defendant has failed to set forth a reason(s) why these counts fail to state a claim upon which relief can be granted.
Therefore, the defendant's motion to strike the first and second counts of plaintiff's complaint is denied.
The plaintiff's third count is a claim of intentional infliction of emotional distress.
 In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's emotional distress; and (4) that the emotional distress sustained by the plaintiff was severe.
Peytan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986).
The plaintiff has failed to sufficiently allege the necessary elements of intentional infliction of emotional distress. Specifically, the plaintiff has failed to allege that the defendant's conduct was extreme and outrageous and that the emotional distress suffered by the plaintiff was severe. Therefore the third count of plaintiff's complaint which alleges CT Page 2783 intentional infliction of emotional distress is stricken for failure to state a legally sufficient claim.
As to counts four and five, the alleged CUTPA and CUIPA violations, the plaintiff has failed to sufficiently allege these causes of action. The Supreme Court in Mead v. Burns, 199 Conn. 651,509 A.2d 11 (1986), held that violations of CUIPA are unfair claims settlement practices pursuant to General Statute 38-61(6) [now 38a-816(6)], and the plaintiff alleging such violations must prove that the defendant committed more than a single act of insurance misconduct. Id, at 659. The court also held that isolated instances of unfair insurance settlement practices are not so violative of Connecticut public policy as to permit a CUTPA cause of action. Therefore, the plaintiff must allege more than one instance of an unfair insurance settlement practice to sustain causes of action for violations of CUIPA and CUTPA.
Therefore, the defendant's motion to strike counts four and five of the plaintiff's complaint for failure to state a legally sufficient claim upon which relief is granted.
Therefore for the reasons set forth hereinbefore, the defendant's motion to strike is denied as to counts one and two and is granted as to counts three, four and five.
WILLIAM J. SULLIVAN, J. CT Page 2784
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2785
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2786