[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action plaintiffs seek to enjoin the continued operation of a homeless shelter for women and children in Fair Haven, and other relief.
On March 6, 1992, Virginia Henry and ten other members of the Fair Haven Inclusion Committee filed a claim for injunctive relief against Life Haven, Inc. ["Life Haven"], the commissioners of the state Departments of Human Resources and Income Maintenance ["state defendants'], the director of the New Haven Department of City Welfare and the New Haven Human Resources Administrator ["municipal defendants"], and St. Francis Church.
Under the allegations of the second revised complaint, date January 12, 1993, Life Haven is a Connecticut non-stock corporation which raises money for, and operates a shelter for women and children. The shelter building is housed in a convent owned by St. Francis, leased to Life Haven for 25 years, beginning on May 28, 1987. The state defendants and municipal defendant are sued in their official capacity as heads of agencies which provide public funding for the activities of Life Haven.
The plaintiffs allege that, subsequent to the lease, Life CT Page 4909 Haven received "well in excess of one million dollars in public funds . . . which it used to remodel" the building for the direct benefit of the defendant St. Francis Church and continues to receive public money for the shelter's operation. The plaintiffs further allege that they are taxpayers of both New Haven and Connecticut who are "forced to subsidize activities for the benefit of a religious organization out of their own money" and "forced to have their government sponsor religious activities in violation of the establishment clause of the first amendment of the United States Constitution and Connecticut Constitution. . . . Finally, the plaintiffs allege that they will suffer irreparable injury in the nature of direct and personal financial losses The plaintiffs seek a permanent injunction against the defendants, and costs and attorney fees pursuant to 42 U.S.C. § 1988.
The state defendants currently move to strike Henry's complaint on two grounds: (1) the complaint fails to state claim for an Establishment Clause violation and (2) the complaint fails to allege facts sufficient to confer standing upon the plaintiffs as taxpayers to challenge public funding of the homeless.
This court agrees with the movants on the first ground therefore, it need not address the second ground.
The plaintiffs originally brought a one-count action alleging both Establishment Clause violations and racial discrimination In a July 8, 1992 memorandum of decision which ruled on the plaintiffs' motion for a temporary injunction and the defendants motions to dismiss, the court found no evidence of discrimination. The plaintiffs were allowed to revise their complaint, leaving only the Establishment Clause claim.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170; Mingachos v. CBS, Inc., 196 Conn. 91,108. In ruling on a motion to strike, the court is limited to facts alleged in the complaint. King v. Board of Education195 Conn. 90, 93. The court must construe the facts favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36. "The allegations are entitled to the same favorable construction as trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a CT Page 4910 defense or cause of action, the motion to strike must fail." Alarm Application Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545.
Plaintiffs' complaint fails to allege a factual basis to support a claim of violation of the Establishment Clause.
"[The Supreme Court] has come to understand the Establishment Clause to mean that the government may not promote or affiliate itself with any religious doctrine or organization. . . ." Allegheny County v. Greater Pittsburgh v ACLU, 492 U.S. 573, 590-92, 109 S.Ct. 3086, 106 L.Ed.2d 472
(1989). There is a three-part test to determine whether government action violates the Establishment Clause: (1) the action must have a secular legislative purpose, (2) its principal or primary effect must be one that neither advances nor inhibits religion, and (3) the action must not foster government entanglement with religion. Lemon v. Kurtzman, 403 U.S. 602,612-13, 91 S.Ct. 2135, 29 L.Ed.2d 745, rehearing denied, 404 U.S. 876
(1971); Griswold Inn, Inc. v. State, 183 Conn. 552, 558-560.
Courts have "made case-specific examinations of the challenged government action" rather than establishing a bright line test for what is establishment. Id., quoting County of Allegheny v. Greater Pittsburgh ACLU, supra. There are three main evils against which the Establishment clause was intended to afford protection: sponsorship, financial support and active involvement of the government in religious activities, and it is to these three evils that the Lemon test is addressed. Southside Fair Housing Organization v. City of New York, 928 F.2d 1336
1344.
In pertinent part, in their complaint, plaintiffs allege:
(1) St. Francis Church leased its convent and the property on which it is located to Life Haven for a period of 25 years;
(2) Life Haven obtained "well in excess of one million dollars in public funds" which it has used to remodel and rehabilitate the convent "for the direct benefit of St. Francis Church";
(3) Life Haven continues to receive public money which it is "expending and intends to continue to expend for the benefit of St. Francis Church and to operate "at the said convent CT Page 4911 shelter for "homeless women and children", and that
(4) In these ways, Life Haven, "with public funds" operate it activities for the "benefit of a religious organization".
Plaintiffs have not alleged facts to support a claim that the state's granting public funds to Life Haven has the primary effect of advancing religion and plaintiffs have not allege facts to support a claim that the state's granting aid to Life Haven constitutes excessive entanglement with religion.
Nor have the plaintiffs alleged facts to support the conclusory allegations that Life Haven is expending and intends to continue to expend public money for the "benefit of St. Francis Church" and that Life Haven operates its activities with public funds for the "benefit of a religious organization." Since the plaintiffs have not alleged facts to support a claim that the defendants' activities fail to pass any part of the three part test set out in Lemon v. Kurtzman, supra, they have not stated legally sufficient facts to support a cause of action for a violation of the Establishment Clause.
Accordingly, defendants' motion to strike the plaintiffs complaint is granted.
Ronald J. Fracasse, Judge