[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Robert and Jeanne Crozier, are owners of real property in Rowayton, and have owned the property since 1973. Their property is bounded on the west by a passway known as Park Court, which is the only means of vehicular access to the property. In a two count action, dated February 10, 1993, plaintiffs claim that they are unable to access their property by automobile because the defendant, Bell Island Improvement Association, Inc., has expanded a planting area formerly adjacent to Park Court and erected a sign which encroaches and obstructs vehicular traffic on Park Court. Count one alleges that plaintiffs are entitled to an easement over Park Court by deed and count two alleges that an easement exists by necessity. Plaintiffs seek a declaratory judgment to determine whether or not they are permitted to use Park Court for vehicular access to their premises, a temporary and permanent injunction restraining defendant and its agents, servants, and employees from obstructing Park Court so as to impede CT Page 8254 vehicular access, and monetary damages.
The defendant presently moves (#102) to strike count two of plaintiffs, complaint, on the grounds that it fails to state a cause of action upon which relief may be granted. "The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980).
The defendant argues that an easement by necessity either exists or it does not, and that the second count fails to state a cause of action. In response, plaintiffs argue that their complaint alleging a deeded easement in the first count and an alternative theory regarding an easement by necessity in the second count comports with Connecticut practice, as alternative theories of liability are permitted.
In DeVita v. Esposito, 13 Conn. App. 101, 105, 553 A.2d 364
(1987), when the plaintiff claimed title to real property by deed and by adverse possession, the court held that "[u]nder Practice Book 94 and 137, a plaintiff is allowed to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." The Supreme Court has noted that: "[o]ur laws formerly cast on the plaintiff the duty of construing his rights with respect to the form in which they ought to be brought before the court, and the relief to which he is entitled, at the risk of losing everything if he mistook his remedy. The Practice Act enables him . . . to throw this duty of construction upon the court. It is enough for him to tell his story as plainly and concisely as may be, and to state the different kinds of relief, one of which he thinks he may fairly claim." Dreier v. Upjohn Co., 196 Conn. 242, 246, 492 A.2d 164
(1985), quoting Craft Refrigerating Machine Co. v. Quinnipiac CT Page 8255 Brewing Co., 63 Conn. 551, 564, 29 A.2d 76 (1893).
Although plaintiffs may claim both an easement by deed and an easement by necessity as alternative theories, they have not pleaded the requisite elements to establish an easement by necessity. "[A]n easement by necessity will be imposed where a conveyance by the grantor leaves the grantee with a parcel inaccessible save over the lands of the grantor, or where the grantor retains an adjoining parcel which he can reach only through the lands conveyed to the grantee." Hollywyle Assn., Inc. v. Hollister, 164 Conn. 389, 398-99, 324 A.2d 247 (1973). "[O]missions in [a] deed will not negate the existence of a right of way by necessity . . . nor will the invalidity of [a] deed necessarily affect its existence." Id., 398. "The necessity need only be a reasonable one." Id., 399.
In the second count of their complaint, plaintiffs simply reallege their first count, which alleges an easement by deed, and then claim that they are entitled to an easement by necessity. The complaint does state that plaintiffs' parcel of land is accessible by vehicle only through the easement, but does not state facts which allege that defendant or its predecessors in title were grantors of plaintiffs' property, or that the plaintiffs or their predecessors in title were grantors of defendant's property. Since such facts are necessary in order to state the elements to establish an easement by necessity, defendant's motion to strike count two of plaintiffs' complaint is granted.
So Ordered.
Dated at Stamford, Connecticut this 12 day of October, 1993.
WILLIAM BURKE LEWIS, JUDGE