[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the complaint on the ground that the plaintiff has failed to set forth facts sufficient to establish that a contractual relationship existed between the parties.
The plaintiff in the present action is Bryan Hall, who at all times relevant to this action was a police officer for the City of Hartford Police Department. The defendant is the City of Hartford. The plaintiff's complaint, filed on August 2, 1993, alleges the following facts:
On or about June 25, 1991, the plaintiff, during the course of his employment, attended a Hartford Police CT Page 10241 Department motorcycle recertification course in Meriden, Connecticut. During the recertification course, the plaintiff was operating a 1981 Kawasaki K2 1000 motorcycle which was owned by the City of Hartford. While participating in the course, the clutch of the motorcycle malfunctioned, causing the plaintiff to be thrown from the motorcycle. The motorcycle landed on the plaintiff's right hand, causing him injury.
On or about July 11, 1991, the plaintiff retained the law offices of Fazzano Tomasiewicz to represent him regarding his claim against Midtown Kawasaki, Ltd. [Midtown]. The basis for this claim was that Midtown was negligent in failing to properly repair the motorcycle which had been brought in for repairs to the clutch on or about May 12, 1991, and that this negligence caused the plaintiff's injury.
On or about August 13, 1991, the law offices of Fazzano Tomasiewicz contacted the City of Hartford by letter on behalf of the plaintiff. This letter informed the defendant City that the plaintiff was pursuing a claim against Midtown and requested an opportunity to discuss the malfunctioning of the motorcycle with the defendant City's expert. The defendant City, through Chief of Police Ronald T. Loranger, responded to the law offices of Fazzano Tomasiewicz by letter dated August 21, 1991. The Chief's letter, incorporated by reference into the plaintiff's complaint and appended thereto pursuant to Practice Book 141, states in pertinent part:
 At this time the motorcycle in question is secured at Police Headquarters. No mechanical inspection has been completed as of this date.
. . .
 Presently, the City's Risk Management Department is in the process of determining where an impartial certified expert may be located to examine and inspect the motorcycle so that a determination relative to what caused the accident could [sic] be made. The contact person at Risk Management would be Ms. Linda Moss. CT Page 10242
 Should you have any further questions in this regard, please feel free to contact Captain Croughwell of my staff . . . .
On or about October 23, 1991, without having the motorcycle inspected by any expert, the defendant City released the motorcycle to Midtown to have the clutch repaired. The defendant City did not inform the plaintiff at any time prior to this date that it was intending to have the clutch repaired. The clutch was repaired by Midtown on October 23, 1991.
The plaintiff claims that the release of the motorcycle for repairs by the defendant City breached a contract between the parties which had been created by the Chief's letter. The plaintiff claims that this alleged breach has prevented the possibility of full compensation with respect to any claim that he may have against Midtown because the alleged breach has prevented him from inspecting the defective clutch of the motorcycle.
The defendant City filed a motion to strike the plaintiff's one count complaint, with a supporting memorandum of law, on September 20, 1993. The plaintiff filed an objection to the motion to strike, with a supporting memorandum of law, on October 20, 1993.
The function of the motion to strike is to challenge the legal sufficiency of the factual allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). It admits all well-pleaded facts and those facts necessarily implied from the allegations. D'Ulisse-Cupo v. Board of Directors of Notre-Dame High School, 202 Conn. 206,208, 520 A.2d 217 (1987). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Id. In deciding the motion to strike, "the court must construe the facts alleged in the complaint in the light most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). If facts provable under the allegations would support a cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Department,179 Conn. 541, 545, 427 A.2d 822 (1980).
The defendant City moves to strike the plaintiff's one CT Page 10243 count complaint on the ground that the plaintiff has failed to set forth facts sufficient to support a cause of action for breach of contract. The defendant City argues that the letter from Chief Loranger, which, as previously noted, is incorporated by reference into the plaintiff's complaint and appended to the complaint pursuant to Practice Book 141, did not subject the defendant to any contractual liability because 1) it did not constitute a promise, and 2) even if the letter were construed as a promise, it lacked bargained-for consideration.
In opposition to the defendant City's motion to strike, the plaintiff argues that the defendant City's liability arises under the theory of promissory estoppel and thus, that the lack of bargained-for consideration is inconsequential. The plaintiff claims that the Chief's letter to the plaintiff constituted the defendant City's promise to examine the motorcycle's clutch and to share those findings with the plaintiff. The plaintiff argues that the plaintiff reasonably relied upon this alleged promise, to his detriment, in not obtaining his own expert to examine the motorcycle. The plaintiff argues that, as a result of this he is now hindered in his negligence claim against Midtown.
While "a promise is generally not enforceable unless it is supported by consideration. . . ."; D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, supra, 213; "[u]nder a promissory estoppel theory, a party may maintain a claim for damages based upon a promise which induces the party's action or forbearance, if such action or forbearance is undertaken in reasonable reliance upon the promise." Finley v. Aetna Life Casualty Co., 202 Conn. 190, 205, 520 A.2d 208 (1987). The existence of a promissory estoppel claim
 "`"is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . . ."'"
(Citations omitted.) O'Sullivan v. Bergenty, 214 Conn. 641,648, 573 A.2d 729 (1990). CT Page 10244
It is the burden of the party asserting the promissory estoppel claim to establish the existence of these elements and "whether that burden has been satisfied in a particular case is an issue of fact." Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 699, 593 A.2d 498 (1991). In the present case the plaintiff must allege sufficient facts to demonstrate "the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, supra, 213. The defendant will "not [be] liable to a promisee who has relied on a promise if, judged by an objective standard, he has no reason to expect any reliance at all." Id.
The Chief's letter, dated August 21, 1991, states that "[a]t this time the motorcycle . . . is secured at Police Headquarters" and that "[n]o mechanical inspection has been completed at this date." The letter also states that "the City's Risk Management Department is in the process of determining where an impartial certified expert maybe located to examine and inspect the motorcycle so that a determination relative to what caused the accident could [sic] be made." The letter also provides a contact person in the City's Risk Management Department and a contact person in the City's Police Department.
The Chief's letter does not state that the motorcycle would be held at Police Department Headquarters for any specific length of time. In addition, the letter does not state that the defendant City would share any information relative to the inspection of the motorcycle should such an investigation be made or even that the defendant City promised to retain an expert. Rather, the Chief's letter merely purports to set out the current location of the motorcycle, the defendant City's actions up to that date relative to the motorcycle, the possibility of the defendant City's retention of an expert, and the names of two people to contact.
The factual allegations of the complaint, viewed in the light most favorable to the plaintiff, fail to establish "the existence of a clear and definite promise" by which the defendant City "could reasonably have expected to induce reliance" on the part of the plaintiff. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, supra, 213. CT Page 10245 Accordingly, the Motion to Strike is granted.
Mary R. Hennessey, Judge.