[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action brought by the plaintiff, First Federal Bank, formerly known as First Constitution Bank, against the defendants, Paul and Elaine Kakaletris and Ginnoula Vasilakos. In its amended complaint, dated March 19, 1993, the plaintiff CT Page 1821 alleges that the three defendants signed a promissory note on August 24, 1990 which was secured by real property in Stamford. The plaintiff claims that the defendants defaulted under the terms of the note, and seeks strict foreclosure, possession of the mortgaged premises, the appointment of a receiver of rents, a deficiency judgment and attorney's fees.
On October 15, 1993, defendant Vasilakos [hereinafter "defendant"] filed an answer and special defenses, which was amended on January 5, 1994 to add a second special defense. The first special defense asserts that "the [d]efendant . . . is illiterate, unable to understand, speak or read the English language. At the time of the execution of the mortgage and note, the [d]efendant lacked the capacity to contract, having failed to understand the nature and terms of the documents she was asked to execute." The second special defense alleges equitable estoppel, and both defenses state that the defendant never received the benefit of any monies from the plaintiff.
On January 10, 1994, the plaintiff filed a motion to strike the first special defense on the ground that the defendant has failed to allege facts which satisfy the elements of a special defense based upon incapacity to contract. On February 4, 1994, the defendant filed a memorandum of law in opposition.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93,463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235
(1987). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause or action, the motion to strike must fail.' (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980).
The plaintiff argues that the facts alleged by the defendant in her first special defense support neither a defense of incapacity nor a defense of mistake. The plaintiff claims that in CT Page 1822 Connecticut, a person lacks capacity to incur contractual duties only if she is under guardianship, an infant, mentally ill or defective, or intoxicated. The plaintiff also claims that when a party knows that she has limited knowledge of the contents of an agreement but nonetheless executes such agreement, the situation is not one of mistake but conscious ignorance. In response, the defendant argues that whether she will be charged with lack of diligence is a question of fact for the trier to determine in light of all the surrounding circumstances.
Special defenses require the pleading of facts which are consistent with the plaintiff's statement of facts, but show that the plaintiff nevertheless has no cause of action. Northeast Savings, F.A. v. Dunst, 6 Conn. L. Rptr. 333 (April 15, 1992, Nigro, J.). In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. Hans L. Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260, 261 (November 4, 1991, Pickett, J.). A foreclosure action is an equitable proceeding where the trial court may consider all relevant circumstances to ensure complete justice is done. Reynolds v. Ramos, 188 Conn. 316, 320, 449 A.2d 182 (1982). Courts have therefore recognized "various equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party. . ." Town of Stratford v. Siciliano, 8 CTLR 507 (August 6, 1993, Leheny, J.). However, only those equitable defenses which attack the making, enforcement, or validity of a note or mortgage should be recognized in a foreclosure action. Id.; Centerbank v. Motor Inn Association, 9 CTLR 224 (November 29, 1993, Maicco, J.); Citytrust v. Kings Gate Developers, Inc.,2 Conn. L. Rptr. 638 (October 9, 1990, Lewis, J.).
Insofar as the defendant alleges in her first special defense that she lacked the capacity to understand the documents, such special defense attacks the making, validity and enforcement of the note. As noted above, both mistake and accident have been recognized by Connecticut courts as valid special defenses to foreclosure actions and in viewing the first special defense in the light most favorable to the defendant, she has alleged sufficient facts to support these defenses. "`In judging a motion to strike, . . . it is of no moment that the [party] may not be able to prove [his] allegations at trial' (citations omitted.)" Grubb 
Ellis Co. v. Dinardo, 2 Conn. L. Rptr. 309 (August 30, 1990, Jones, J.). CT Page 1823
The defendant has sufficiently asserted a valid equitable defense to this foreclosure action and the motion to strike the first special defense is denied.
KARAZIN, J.