[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103
The plaintiff, Gwendolyn Gunther, commenced this action against the defendant Home Buyers Assistance Corporation ("HBAC") and its president, defendant Robert J. Vossler, alleging in a two count complaint, dated October 25, 1995, that the defendants' failure to pay commissions due the plaintiff under an employment "agreement" constitutes breach of contract and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a et seq. On January 25, 1996, the defendants filed a motion to strike the second count of the complaint alleging a CUTPA violation. Subsequently, on February 8, 1996, the plaintiff filed a revised complaint containing the same two counts. The parties have agreed that the motion to strike applies to the plaintiff's revised complaint. The defendants filed a memorandum of law in support of their motion on January 25, 1996, and the plaintiff filed an opposition memorandum on February 13, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). In considering a motion to strike, courts "construe the facts alleged in the complaint in a light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994), citing Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980). CT Page 1287-A
The defendants argue that all of the conduct alleged in the revised complaint occurred in the context of an employer/employee relationship, which was held not to constitute "trade or commerce" under CUTPA in Quimby v. Kimberly ClarkCorp., 28 Conn. App. 660, 613 A.2d 838 (1992). In opposition, the plaintiff argues that Quimby, which involved an employer's administration of an employee's worker's compensation claim, is distinguishable from the instant case, which involves an employer's breach of an employment contract.
In Quimby, the Appellate held that the defendant employer's alleged bad faith in failing to pay worker's compensation benefits arose out of an employer-employee relationship which "does not fall within the definition of trade or commerce for the purposes of an action under CUTPA". (Internal quotation marks omitted.) Quimby v. Kimberly Clark Corp., supra,28 Conn. App. 670. Thus, the court stated that "[a]lthough an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purpose of CUTPA." Id.
Although the Connecticut Supreme Court has indicated that allegations which have as their common denominator an employer-employee relationship may nevertheless give rise to a CUTPA claim under certain circumstances; Larsen Chelsey RealtyCo. v. Larsen, 232 Conn. 480, 656 A.2d 1009 (1995) (anticompetitive activities and tortious conduct by an employee outside scope of employment may give rise to a CUTPA claim); the rule set forth in Quimby still applies to exclude acts occurring entirely within the confines of the employer-employee relationship. Id., 493.
The facts and circumstances alleged to have occurred in this case are predicated on the existence and breach of an employment contract. The allegations which give rise to the plaintiff's claims arise entirely in the context of an employer-employee relationship, and the plaintiff has alleged no conduct on the part of the defendants which suggests that their activities were outside the scope of the employment relationship. Thus, the allegations upon which plaintiff's CUTPA count is premised occur entirely within the confines of an employer-employee relationship, and therefore do not constitute "trade or commerce" within the meaning of CUTPA. Quimby v.Kimberly Clark Corp., supra, 28 Conn. App. 660. As such, CT Page 1287-B plaintiff's second count does not state a legally cognizable claim upon which relief can be granted.
For the foregoing reasons, the defendants' motion to strike the second count of the plaintiff's revised complaint is granted.
THE COURT
MAIOCCO, J.