[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TOSTRIKE DATED OCTOBER 3, 2002, COUNTS ONE THROUGH FIVE (ALL COUNTS) OF THE PLAINTIFF'S REVISED COMPLAINT DATED SEPTEMBER 4, 2002
The plaintiff, Bonnie Walsh (hereinafter "Walsh") was employed by the defendant, St. Francis Care (hereinafter "Saint Francis"). Her immediate supervisor was the defendant Ann Long (hereinafter "Long") who, on behalf of Saint Francis Terminated the plaintiff's employment on November 15, 2001. Plaintiff has brought suit against both defendants alleging in Count One. Tortious Interference; in Count Two, Breach of Contract; in Count Three, Intentional Infliction of Emotional Distress; in Count Four, Negligent Misrepresentation; and in Count Five, Negligent Infliction of Emotional Distress. Defendant's claim that the plaintiff's allegations against the defendants are legally insufficient to state claims upon which relief can be granted. Oral Argument on the motion was heard before this Court on November 25, 2002.
 STANDARD OF REVIEW
A motion to strike challenges the legal sufficiency of a pleading, including special defenses and counterclaims. Practice Book § 152, now § 10-39; see generally Mingachos v. CBS, Inc., 196 Conn. 91,491 A.2d 368 (1985) (pleadings); see also Krasnow v. Christensen,40 Conn. Sup. 287, 288, 492 A.2d 850 (1985) (special defenses); FairfieldLease Corp. v. Roman's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985) (counterclaims). The motion admits well-pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings. King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111
(1985). CT Page 15328-bk
The court must construe the facts pleaded in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). If any facts alleged in the pleading would support a cause of action, the motion must fail. Alarm Applications Co. v. Simsbury VolunteerFire Co., 179 Conn. 541, 545 (1980).
 FINDINGS
The Court has reviewed the briefs of the parties, the pleadings, and listened to oral argument. Based upon the totality of the evidence before the Court, the Court makes the following findings:
1. Count One — Tortious Interference.
"A claim for tortious interference with contractual relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to inference with the relationship. (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendants' tortious conduct."Appleton v. Board of Education, 254 Conn. 205, 212-13 (2000). However ". . . it is not essential to the cause of action that the tort has resulted in an actual breach of contract." Wellington Systems, Inc. v.Redding Group, Inc., 49 Conn. App. 152, 167-8 (1998). The existence of a beneficial relationship is sufficient. In this case there was, as pleaded, a beneficial relationship to the plaintiff, namely, her employment and to the defendants, namely, her employment. The fact that the plaintiff was employed by Saint Francis, which was a beneficial relationship for Saint Francis and the plaintiff, had to be known by Long. She, therefore, had knowledge as did Saint Francis of that relationship. At the very least, taking the complaint in the light most favorable to the plaintiff, it can easily be inferred that Long knew of the relationship. The defendants' intent to interfere with the relationship is alleged in paragraph 12 of the Complaint. The plaintiff has sufficiently alleged that the interference was tortious. See paragraph 13 of the Complaint in which the conduct of the defendants is called improper. Further, paragraph 12 taken as a whole spells out that the conduct or interference was tortious. Paragraph 13 of the Revised Complaint alleges the loss suffered by the plaintiff that was caused by the defendants' tortious conduct, namely, that she sustained money damages. had been injured in her reputation, etc. This Court concludes, therefore, that the allegations are sufficient to sustain a cause of action in tortious inference. There are sufficient facts to prove the existence of a beneficial relationship, the defendants' knowledge of that CT Page 15328-bl relationship, the defendants' intent to interfere with the relationship. i.e. the terminating of the plaintiff is clearly an interference with the relationship. It has been alleged as a statement of fact that Long violated the procedures set forth in the Saint Francis Employee Handbook and deprived the plaintiff of the opportunities to exercise her rights as set forth in the Employee Handbook. The specificity of the Handbook problem and the plaintiff not being given a chance to exercise her rights therein is a sufficient factual basis to sustain an allegation that the interference was tortious (improper or wrong).
Defendants point out "[A]n agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract. . . . [But the agent] could be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain." Wellington Systems, Inc. v. Redding Group,Inc., supra. Paragraph 12 of the Revised Complaint states in effect that Long was acting outside the scope of her employment and used the corporate power improperly for personal gain in that it states in pertinent part: "At all times the Defendant Long acted willfully, maliciously, upon improper motive and for her own benefit. . . ." (Emphasis added). The problem is that there are no factual allegations as to how Long acted for her own benefit. If the plaintiff knows that at this time, she should further amend her Complaint to set forth that information. If she does not, and requires additional disclosure, then the Court will grant her that time. Again, taking the Complaint in a light favorable to the plaintiff, the Court finds that it is sufficient to sustain a cause of action in tortious inference. Accordingly, the Motion to Strike the First Count is denied.
2. Count Two — Breach of Contract.
"[A]ll employer-employee relationships not governed by express contracts involve some type of implied contract of employment. There cannot be any serious dispute that there is a bargain of some kind; otherwise, the employee would not be working . . . it is firmly established that statements in an employer's personnel manual may . . . under appropriate circumstances . . . give rise to an express or implied contract between employer and employee." Gaudio v. Griffin HealthServices Corp., 249 Conn. 523, 532 (1999). In this case the plaintiff has alleged that she had a contract of employment with the defendant, Saint Francis, in which Saint Francis agreed that her employment could be terminated only for cause and only after all of the procedures as set CT Page 15328-bm forth in the Employee Manual were followed. Whether the plaintiff was an at will employee, she still was entitled to all of the procedures set forth in the Employee Manual. At the very least, the plaintiff alleges breach of her rights under the Employee Manual. These are sufficient factual allegations to sustain a case of action in breach of contract. Accordingly, the Motion to Strike Count Two is denied.
3. Count Three — Intentional Infliction of Emotional Distress.
One of the elements of a cause of action for intentional infliction of emotional distress is that the plaintiff must allege and prove that the conduct was extreme and outrageous. It is questionable as to whether the allegations amount to conduct that was extreme and outrageous. It would be better if the plaintiff alleged additional extreme conduct.[1]
However, again, taking the pleadings in the light most favorable to the plaintiff, the Court concludes that there are sufficient allegations to constitute extreme and outrageous conduct. However, there must be an allegation that "the conduct was extreme and outrageous." That does not appear in Count Three, and accordingly, the Motion to Strike Count Three is granted.
4. Count Four — Negligent Misrepresentation.
Paragraphs 1-17 of Count Two have been incorporated into Count Four. This includes paragraph 15 which sets forth a factual basis for negligent misrepresentation. Accordingly, the Motion to Strike Count Four is denied.
5. Count Five — Negligent Infliction of Emotional Distress.
"There is nothing . . . to preclude an action for unintentional infliction of emotional distress based upon unreasonable conduct of the defendant in the termination process." Maurice v. Hartford Courant Co.,200 Conn. 676, 682 (1986). Plaintiff has alleged a violation of the Employee Manual which may sustain a breach of contract claim. However, the violation of the Employee Manual does not necessarily sustain an action for infliction of emotional distress. Plaintiff's counsel at the oral argument indicated he was in possession of knowledge that the letter of termination was based on false allegations. That, of course, would be unreasonable assuming Long knew they were false. However, as the Complaint stands now, there is not a sufficient factual basis for negligent infliction of emotional distress. Accordingly the Motion to Strike Count Five is granted.
RITTENBAND, J.T.R. CT Page 15328-bn